UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br>　　　　Plaintiff,<br>　　v.<br>R. PUENTE, et al.,<br>　　　　Defendants. | Case No. 24-cv-09351-AMO (PR)<br><br>**ORDER TO SHOW CAUSE OR DIRECTING PLAINTIFF TO PAY FULL FILING FEE**<br><br>Re: Dkt. Nos. 2, 5 |

Plaintiff Daronta T. Lewis, a state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, seeking damages for alleged civil rights violations. Lewis has also filed a motion for leave to proceed *in forma pauperis* ("IFP") and another motion entitled, "Motion Informing Courts That the Plaintiff Will Be Able to Pay the Courts $402 . . . ." Dkts. 2, 5. For the reasons stated below, the Court orders Lewis to show cause why 28 U.S.C. § 1915(g) does not bar pauper status for him, or, in the alternative, it directs him to pay the full filing fee, as further explained below.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to

a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in the newly filed case. *Id. Andrews* implicitly allows the court to raise the section 1915(g) problem on its own, but requires the court to notify the prisoner of the earlier dismissals it considers to presently support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the current action. *See id.* at 1120. If the Court dismisses the current action under section 1915(g), that means that a prisoner cannot proceed as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Lewis's prior prisoner actions reveals that he has had at least three cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

(1) *Lewis v. Ugwueze* (*Ugwueze*), No. 1:20-cv-00575-DAD-SKO (E.D. Cal. Oct. 5, 2020) (complaint dismissed as duplicative by a district judge, adopting the recommendation of a magistrate judge, after Lewis admitted he had intentionally filed a duplicative action);

(2) *Lewis v. Allio* (*Allio*), No. 2:18-cv-00196-JAM-CKD (E.D. Cal. Oct. 3, 2018) (complaint dismissed with leave to amend by a magistrate judge[1] because Lewis failed to identify a cognizable claim; suit ultimately dismissed by a district judge for failure to file an

---

[1] That a magistrate judge, rather than a district judge, issued the order does not have any bearing on this Court's decision to issue the instant order to show cause. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal without prejudice by a magistrate judge, issued before the defendant filed a consent to magistrate jurisdiction, is still a strike under the PLRA.)

amended complaint);

(3) *Lewis v. Hoagland* (*Hoagland*), No. 2:11-cv-01763-GGH (E.D. Cal. Nov. 18, 2011) (complaint dismissed with leave to amend by a magistrate judge because Lewis failed to identify any defendant who was personally involved in the alleged wrongful acts; suit ultimately dismissed by a district judge for failure to file an amended complaint);

(4) *Lewis v. Brown* (*Brown*), No. 2:09-cv-00195-FCD-DAD (E.D. Cal. Oct. 15, 2009) (amended complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the amended complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after Lewis failed to file a second amended complaint);

(5) *Lewis v. Antonen* (*Antonen*), No. 2:08-cv-01764-WBS-KJM (E.D. Cal. Nov. 12, 2009) (amended complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the amended complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after Lewis failed to file a second amended complaint); and

(6) *Lewis v. Neilson* (*Neilson*), No. 2:06-cv-01532-FCD-CMK (E.D. Cal. March 27, 2007) (complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after Lewis failed to file an amended complaint).

The Court has evaluated each of these cases based on their dismissal orders. *See Andrews*, 398 F.3d at 1120. Each of these dismissals counts as a strike under the PLRA. As to *Ugwueze*, the Ninth Circuit has expressly recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike under the PLRA. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either

frivolous or malicious); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike) (citing *Cato*, 70 F.3d at 1105 n.2). As to *Allio*, the failure to assert a cognizable claim constitutes a strike, as does the failure to file an amended complaint after an initial complaint was dismissed with leave to amend. *See Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (affirming district court's conclusion that the failure to assert a cognizable claim counted as a strike); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike). As to *Hoagland*, the failure to name a proper defendant constitutes as a strike, as does the failure to file an amended complaint after an initial complaint was dismissed with leave to amend. *See O'Neal v. Price*, 531 F.3d 1146, 1148, 1156 (9th Cir. 2008) (affirming district court's determination that dismissal was a strike where, among other things, the court dismissed for failure to name proper defendant); *Harris*, 863 F.3d at 1143. As to *Brown*, *Antonen*, and *Neilson*, the failure to correct a vague, conclusory, and prolix complaint after having been given leave to do so constitutes a strike, as does the failure to amend a complaint after having been given leave to do so. *See Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013) ("We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.") (citation omitted); *Harris*, 863 F.3d at 1143. Because Lewis has previously been subjected to the three-strikes provision of the PLRA, the Court would have to review under section 1915(g) all future actions he files while incarcerated and in which he seeks IFP status, such as the instant matter. Lewis may have anticipated such a review and, he has indicated that he would be able to pay the $405[2] filing fee in his "Motion Informing Courts That the Plaintiff Will Be Able to Pay the Courts $402 . . . ." Dkt. 5 at 1. Thus, his motion to pay is **GRANTED**. Dkt. 5

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. December 1, 2023)). Because Lewis filed this action on December 23, 2024, the $55 additional administrative fee applies instead of the previous $52 additional administrative fee. *See* Dkt. 1 (filed Dec. 23, 2024). Thus, the full filing fee for this action is $405.

4

Because Lewis may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing, *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc), and he is not, his request to proceed IFP is **DENIED**. Dkt. 2.

Accordingly, Lewis is not entitled to the exception under section 1915(g), and is barred from proceeding IFP under section 1915(g) in this action. Under the law of the circuit, Lewis must be afforded an opportunity to persuade the Court that section 1915(g) does not bar pauper status for him. *See Andrews*, 398 F.3d at 1120. If he cannot do so, Lewis may only pursue this action if he pays the filing fee in full, and he will be given an opportunity to do so. Thus, in light of the aforementioned dismissals, and because Lewis has indicated that he would be able to pay the full filing fee, Lewis is **DIRECTED** to either show cause why section 1915(g) does not bar pauper status for him or pay the $405 filing fee payment no later than **twenty-eight (28) days** from the date of this Order. Once Lewis either shows cause that section 1915(g) does not bar pauper status for him or pays the full filing fee, then the Court will conduct an initial review of the instant complaint and address any pending motions. **Failure to show cause, or pay the requisite $405 filing fee, within the designated time will result in the dismissal of this action without prejudice to bringing it in a new paid complaint.**

It is Lewis's responsibility to prosecute this case. Lewis must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

**IT IS SO ORDERED.**

Dated: September 25, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

5