UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS,

    Plaintiff,

    v.

R. PUENTE, et al.,

    Defendants.

Case No. 24-cv-09351-AMO (PR)

**ORDER FINDING PLAINTIFF MEETS IMMINENT DANGER EXECEPTION UNDER 28 U.S.C. § 1915(G); GRANTING LEAVE TO FILE A SUPPLEMENTAL COMPLAINT; AND GRANTING *IN FORMA PAUPERIS* STATUS**

Re: Dkt. Nos. 10, 12, 13

Plaintiff Daronta T. Lewis, a self-represented state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a civil rights complaint under 42 U.S.C. § 1983, in which he seeks damages for alleged civil rights violations stemming from his incarceration at SVSP. Dkt. 1. Along with his complaint, Lewis filed an initial request for leave to proceed *in forma pauperis* ("IFP"). Dkt. 2.

On September 25, 2025, in its Order to Show Cause, the Court found Lewis had on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, and further found Lewis was not under imminent danger of serious physical injury. *See* Dkt. 9 at 2-5 (citing 28 U.S.C. § 1915(g)). Consequently, the Court denied his IFP application and ordered Lewis to either pay the full filing fee or show cause why the action should not be dismissed pursuant to section 1915 (g). *See* Dkt. 9 at 5 (citing *Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005)). *Andrews* implicitly allows the Court to raise the section 1915(g) problem on its own, but requires the Court to notify the prisoner of the earlier dismissals it considers to presently support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the current action. *See id.* at 1120.

On October 2, 2025, Lewis filed his response to the Order to Show Cause, in which he contests the Court's finding that he is not under imminent danger of serious physical injury within the meaning of section 1915(g).  Dkt. 10.  Lewis has also filed a motion for leave to file a supplemental complaint and a new IFP application.  Dkts. 12, 13.

## I.    IMMINENT DANGER EXCEPTION UNDER SECTION 1915(G)

The plain language of the imminent danger clause in section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  "Imminent danger" may include an ongoing danger of serious physical injury.  *See Ashley*, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); *cf. Abdul-Akbar*, 239 F.3d at 315 n.1 (declining to reach question of whether "imminent danger" encompasses ongoing danger of serious physical injury, and noting that plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support inference of ongoing danger); *Medberry*, 185 F.3d at 1193 (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint).

A district court should liberally construe the allegations in a complaint filed by a self-represented prisoner facing a section 1915(g) bar, construing all allegations in favor of the complainant and crediting those allegations of "imminent danger" that have gone unchallenged. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is in "imminent danger of serious physical injury"); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) (same).  The plaintiff has the burden of proving that he was in imminent danger of serious physical injury at the time he filed the instant action.

Here, the Court notes that in Lewis's sixteen-page, single-spaced handwritten response, he argues that he should be allowed to proceed IFP because he is in "imminent danger," *see* 28

United States District Court
Northern District of California

U.S.C. § 1915(g) (providing for "imminent danger" exception), insofar as he alleges that he suffered "imminent danger" at the time of filing his complaint on December 23, 2024, and that his "imminent danger status has not changed but [has] gotten worse . . . ." Dkt. 10 at 2. Based on such a response, the Court finds that Lewis has shown that he was in imminent danger of serious physical injury or subject to an "ongoing danger" at the time he filed his complaint. *See Abdul-Akbar*, 239 F.3d at 312. Consequently, the Court finds that Lewis has shown cause why this case should not be dismissed pursuant to a section 1915(g) bar and IFP should not be denied.

In sum, Lewis was given the opportunity to be heard on the question of whether the instant action is subject to dismissal under section 1915(g), *see Andrews*, 398 F.3d at 1120-21, and his response to the Court's Order to Show Cause, liberally construed, establishes that he has satisfactorily alleged that he is entitled to the imminent danger exception under section 1915(g). Accordingly, the Court will consider his IFP application below because it finds that IFP should not be denied under section 1915(g). The Court's findings above do not preclude any served defendants from later challenging Lewis's imminent danger allegations, if they wish to pursue such a challenge. *See Gibbs v. Cross*, 160 F.3d 962, 967 n.8 (3d Cir. 1998) (finding that district court's determination that plaintiff alleged satisfactorily that he is entitled to imminent danger exception does not preclude defendants from later challenging plaintiff's imminent danger allegations at summary judgment stage).

## II. MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

Also before the Court is Lewis's motion for leave to file a supplemental complaint, and his proposed 60-page supplemental complaint. *See* Dkts. 12, 12-1.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. *See California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

3

Here, the pertinent facts persuade the Court to grant Lewis's request for leave to file a supplemental complaint. Defendants in this action have not yet been served. Thus, Lewis may as a matter of course amend his complaint because a responsive pleading has not yet been served. *See* Fed. R. Civ. P. 15(a). Accordingly, Lewis's motion for leave to file a supplemental complaint is **GRANTED**. Dkt. 12.

## III.     IFP APPLICATION

Having found that Lewis has satisfactorily alleged that he qualifies for the imminent danger exception under section 1915(g), the Court next considers his IFP application.

Lewis's motion for leave to proceed IFP is **GRANTED**. Dkt. 13. The total filing fee due is $350.00. The initial partial filing fee due for Lewis at this time is $8.10.

## IV.     CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.     Lewis's response to the Court's Order to Show Cause (dkt. 10), liberally construed, establishes that he has alleged satisfactorily that he is entitled to the imminent danger exception under section 1915(g).

2.     Lewis's motion for leave to file a supplemental complaint is **GRANTED**. Dkt. 12. The Clerk of the Court shall file the proposed supplemental complaint (*see* dkt. 12-1) and mark it as "SUPPLEMENTAL COMPLAINT." The Court will review Lewis's initial and supplemental complaints in a separate written Order.

3.     Lewis's motion for leave to proceed IFP is **GRANTED**. Dkt. 13. A copy of this Order and the attached instruction sheet will be sent to Lewis, the Prison Trust Account Office and the Court's Financial Office.

4.     It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a self-represented party proceeding whose address changes while an action is pending must file a notice of change of address promptly specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented to receive within sixty days

United States District Court
Northern District of California

United States District Court
Northern District of California

of this return a written communication from the self-represented party indicating a current address.  *See* L.R. 3-11(b).

**IT IS SO ORDERED.**

Dated:   5/29/2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**


INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE


The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action *in forma pauperis* in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner
          Finance Office

United States District Court
Northern District of California

6